UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

UNITED STATES OF AMERICA                                         PLAINTIFF


v.                                        CRIMINAL NO. 4:24-CR-00027-GNS


MATTHEW CONSTANT                                                 DEFENDANT

## SENTENCING MEMORANDUM
### *-Filed Electronically-*

The United States of America, by counsel, files this memorandum in support of sentencing in this action currently scheduled for May 7, 2025.  The United States has no objections to the final presentence report and will not call any witnesses at the sentencing hearing.

## PROCEDURAL HISTORY

Matthew Constant ("defendant") was indicted by a federal Grand Jury on August 14, 2024, and formally charged with numerous offenses related to the sexual exploitation of children.

On February 11, 2025, the defendant pled guilty to all counts in the Indictment without the benefit of a plea agreement.

## OFFENSE CONDUCT

The United States agrees with the offense conduct, as laid out in the U.S. Probation Office's final Presentence Investigation Report (PSR), at paragraphs 12 - 23. *See* PSR [DN 17, ¶12-23].

## GUIDELINES CALCULATION

The United States agrees with the guidelines calculation and criminal history computation contained within the PSR.  Accordingly, the United States agrees with a base offense level of 43 and a criminal history category of I which produces a guideline imprisonment range of life.  *See* PSR [DN17, ¶84].

## VICTIM IMPACT AND RESTITUTION

Pursuant to 18 U.S.C. § 2259, the defendant must pay restitution, if requested prior to sentencing, of at least $3,000.00 to each victim.  In this case, the United States has not received any requests for restitution.

## SENTENCING FACTORS

This Court must ultimately affix a sentence which is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a).  That section directs courts to consider the following:

(1)    the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)    the need for the sentence imposed:

    (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B)    to afford adequate deterrence to criminal conduct;

    (C)    to protect the public from further crimes of the defendant; and

    (D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)    the kinds of sentences available;

(4)    the kinds of sentence and the sentencing range established for--

(A)    the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--

. . .

(5)    any pertinent policy statement--

. . .

(6)    the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)    the need to provide restitution to any victims of the offense.

The sentencing guidelines call for, and the sentencing factors necessitate, a substantial sentence in this case.  Constant stands convicted of serious child exploitation offenses that involved numerous victims and spanned the course of several years.  Most troubling is Constant's position as a trusted public school official at the time of these offenses.  The sentence imposed in this action should be substantial in order to adequately reflect the seriousness of the offenses, promote respect for the law, provide just punishment for the offenses, deter further criminal conduct, protect the public from further crimes of the defendant, and provide Constant with needed correctional treatment. A sentence of 30 years is sufficient, but not more than necessary to satisfy these factors.

**A.    The nature and circumstances of the offense and the history and characteristics of the defendant warrant a significant sentence.**

Constant, a life-long educator, rose through the ranks to become the superintendent of a public school district.  For several years, from at least late 2019 through early 2023, Constant sought out children online to engage in sexually explicit conversations and acts.  Constant used his position of authority and trust to make his victim's comfortable engaging in this behavior, with him telling one victim, John Doe #2, that he worked in education in a district leadership role.  Constant role played his position

-3-

with his victims while engaging in sexually explicit chats and prompting them to send nude photographs. In one exchange, Constant asked John Doe # 1, the victim he attempted to meet, if they could role play when they met in real life. During the sexually explicit conversations, Constant attempted to make his victims comfortable with him so they would share more. He told some of the victims that he had been with others, as young as 14. He also instructed them on how to use Google voice numbers and Snapchat so their conversations and images would be hidden. The evidence demonstrates Constant's perverse sexual attraction to children and his unfettered desire to keep the children engaged with him. Constant is dangerous and his conduct warrants a severe sentence.

**B.    The need for the sentence imposed to reflect the seriousness of the offense.**

A sentence of 30 years will reflect the seriousness of Constant's criminal conduct. Constant stands convicted of multiple child exploitation offenses involving at least 3 charged victims. Constant pled guilty to two counts of enticement, two counts of receiving child pornography, two counts of production of child pornography, and two counts of distribution of obscene material to a minor.

A sentence of 30 years will promote respect for the law and give clear notice to Constant and the public that child sexual offenders will be punished harshly. This is particularly significant because of Constant's position of trust and authority as a life-long educator of children.

**C.    The need to avoid unwarranted sentencing disparities.**

The judiciary sentencing information (JSIN) included in the PSR demonstrates that the median sentence of imprisonment for offenders with identical guideline ranges, was 360 months. Arguably, the JSIN is skewed because of life sentences being capped at 470 months for these computations. However, 360 months falls within the range of

sentences imposed across the country in these cases. As such, a sentence of 360 months (30 years) would protect against unwarranted sentencing disparities among similarly situated defendants.

## CONCLUSION

The United States respectfully requests that the court sentence the defendant to 360 months. Such a sentence would accomplish the sentencing purposes of 3553(a). Therefore, should the Court also agree, the United States respectfully requests that the Court impose such a sentence, which is sufficient, but not more than necessary to satisfy the above factors.

Respectfully submitted,

MICHAEL A. BENNETT
United States Attorney

*/s/ Leigh Ann Dycus*
Leigh Ann Dycus
Assistant U.S. Attorney
501 Broadway, Suite B29
Paducah, Kentucky 42001
270-816-3354
leigh.ann.dycus@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to Counsel of Record.

*/s/ Leigh Ann Dycus*
Leigh Ann Dycus
Assistant U.S. Attorney