UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CRIMINAL CASE NO. 4:24-cr-00027-GNS

**UNITED STATES OF AMERICA**                                                    **PLAINTIFF**

**VS.**

**MATTHEW CONSTANT**                                                              **DEFENDANT**

---

### SENTENCING MEMORANDUM

---

Comes the Defendant, Matthew Constant, by and through Counsel, and submits the following as his sentencing memorandum for the Court's consideration. For the reasons set forth below, it is respectfully submitted that a sentence varying and/or deviating below the bottom end of the applicable sentencing guideline range would be appropriate pursuant to 18 U.S.C. § 3552. The individualized assessment of 18 U.S.C. § 3553(a) sentencing factors call for a sentencing range that is substantially lower than the low end of the presently calculated guideline range. The imposition of such sentence is purely consistent with the mandate of 18 U.S.C. § 3553(a) that the sentence imposed by the Court be no greater than necessary to serve the goals of sentencing enumerated in § 3553(a) (2).

*United States v. Booker*, 543 U.S. 220 (2005) excised § 3553(b) from the laws applying the Federal Sentencing Guidelines making it a discretionary matter for the courts. Sentences should now be imposed which reflect a balancing of the sentencing factors listed in 18 U.S.C. § 3553(a). Sentencing options available to United States Federal District Courts have significantly

broadened, following *Booker* and its progeny. See *U.S. v. Moon*, 513 F.3d. 527, 541 (6th Cir. 2008). 18 U.S.C. § 3553(a) states:

a) Factors to be considered in imposing a sentence. The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court in determining the particular sentence to be imposed, shall consider--

    1) the nature and circumstance of the offense and the history and characteristics of the defendant;

    2) the need for the sentence imposed--

        A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

        B) to afford adequate deterrence to criminal conduct;

        C) to protect the public from further crimes of the defendant; and

        D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

    3) the kinds of sentences available;

    4) the kinds of sentence and the sentencing range established for--

        A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--

            i. issued by the Sentencing Commission pursuant to section 994(a)(1) of Title 28, Untied States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendment have yet to be incorporated by the Sentencing Commission into amendments issued under section 944(p) of Title 28); and

            ii. that, except as provided in section 3742(g) [18 USCS § 3742(g)], are in effect on the date the defendant is sentenced; or

        B) in the case of violation of supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 944(a)(3) of Title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such

amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 944(p) of title 28);

5) any pertinent policy statement--

A) issued by the Sentencing Commission pursuant to section 944(a)(2) of Title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 944(p) of title 28);

B) that, except as provided in section 3742(g) [18 USCS § 3742(g)], is in effect on the date the defendant is sentenced[;]

6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

7) the need to provide restitution to any victims of the offense.

Under the above statute, the Court is to apply various factors to determine a minimally sufficient sentence. Below is an examination of the relevant statutory factors.

The offenses that Matthew Constant pled guilty to speak for themselves. As the court is aware, Mr. Constant is before the court for his final sentencing following his open plea of the charges set forth in the August 14th, 2024, Indictment. Mr. Constant is subject to a mandatory minimum sentence of fifteen (15) years up to a life sentence, while also being subject to potential fines, restitution and supervised release. Mr. Constant stands before this Court a humiliated, humbled and regretful person with the full knowledge of the significant sentence that is likely to be handed down by this Court. Mr. Constant makes no excuse for his actions and fully accepts the consequences of his catastrophic, illegal choices which brought him before the Court.  Based upon the authority cited by *Booker, Gall, and Kimbrough*, the Defendant's age, criminal history, family, educational and work history and other relevant factors under the sentencing guidelines, the Defendant requests

the Court to enter a sentence deviating and/or varying below the calculated guideline range that is minimally sufficient under 18 U.S.C. § 3553(a).

Respectfully submitted,

<u>/s/Bryce L. Caldwell</u>
Bryce L. Caldwell
Gordon, Goetz, Johnson & Caldwell
121 West 2nd Street
Owensboro, Kentucky 42301
Office (270) 684-5757
Cell (270) 231-7513
Email <u>brycecaldwell33@gmail.com</u>

**CERTIFICATE OF SERVICE**

It is hereby certified that on May 5th, 2024 a copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system to all counsel of record.

Respectfully submitted,

<u>/s/ Bryce L. Caldwell</u>
Bryce L. Caldwell
Gordon, Goetz, Johnson & Caldwell
121 West 2nd Street
Owensboro, Kentucky 42301
Office (270) 684-5757
Cell (270) 231-7513
Email <u>brycecaldwell33@gmail.com</u>